NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH WILLIAM BERNISKY,<br><br>Plaintiff,<br><br>v.<br><br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No.: 2:15-cv-1284 (CCC)<br><br><br><br>OPINION |

**CECCHI, District Judge.**

I.      **INTRODUCTION**

Before the Court is Plaintiff Joseph William Bernisky's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act ("SSA"). The issue to be decided is whether the Commissioner's denial of benefits is supported by substantial evidence. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is vacated, and the matter is remanded for further proceedings consistent with this Opinion.

## II.    BACKGROUND

### A.    Procedural Background

Plaintiff applied for DIB and SSI on March 14, 2011, alleging disability as of June 1, 2008. (Tr.[1] at 10). The application was denied in April 2012. (Id.) On August 9, 2013, a hearing was held before ALJ Dennis O'Leary. (Id.) ALJ O'Leary issued a decision on October 1, 2013 finding Plaintiff was not disabled, as defined by the SSA. (Id. at 17 (citing 20 C.F.R. §§ 404.1520(f), 416.920(f))). Plaintiff requested review of the decision and the Appeals Council denied the request on January 13, 2015. (Tr. at 1). On February 18, 2015, Plaintiff instituted this action. (ECF No. 1).

Plaintiff filed a subsequent disability application on August 15, 2015 and was granted permanent disability as of that date. (Brief in Support of Plaintiff ("Pl. Br.") ECF No. 10, at 10).

### B.    Factual Background

Plaintiff was born on May 9, 1964. (Tr. at 59). He currently lives with his father and grandmother. (Id. at 14). Plaintiff testified his daily activities included grocery shopping and running errands. (Id.) Since 1991, Plaintiff has held a number of sales positions in the trucking and logistics industry. (Id. at 208). Plaintiff described these positions in the following ways: "business development of major accounts and supervision of private fleets," "obtained, retained, and managed trucking accounts, revenues, and profit margins for clients in the NY-NJ metro region," and "traveled extensively with company car to see customers, entertain, conduct sales, presentations, and represent the company." (Id. at 208-212).

In 2005, Plaintiff injured his leg and underwent corrective surgery. (Id. at 14). Plaintiff alleged he has had chronic knee pain since this injury. (Id. at 15). Plaintiff testified he had

---

[1] "Tr." refers to the certified record of the administrative proceedings. (ECF No. 6).

difficulty driving because he could not sit in one position for too long, needed to pull over to take breaks, and he did not feel he was a safe driver. (Id. at 30-31). Plaintiff testified that after his injury, he was hired by two companies, and was fired from each because he was not able to drive to the office. (Id. at 13-14).

Plaintiff also has a history of back pain. (Id. at 14). Treatment records from 2006 indicate Plaintiff had a full range of motion and negative straight leg raise testing. (Id.) Plaintiff returned to the same doctor a few weeks later and reported his pain had gotten worse, and he was no longer able to work. (Id.)

In 2013, Dr. Srinivas Mendu reviewed evaluations of Plaintiff by various orthopedic specialists. (Id. at 16). Dr. Mendu reported a knee specialist diagnosed Plaintiff with a lateral tilt and chondromalacia, and opined Plaintiff's condition had plateaued with a permanent disability to his knee. (Id.) Dr. Mendu also reported Plaintiff would have difficulty with prolonged sitting, standing, and repetitive bending. (Id.)

## III.   LEGAL STANDARD

### A.   Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011); see also 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Chandler, 667

F.3d at 359 (citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)).   If the factual record is

adequately developed, substantial evidence "may be 'something less than the weight of the

evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not

prevent an administrative agency's finding from being supported by substantial evidence.'"

<u>Daniels v. Astrue</u>, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting

<u>Consolo v. Fed. Mar. Comm'n</u>, 383 U.S. 607, 620 (1966)).   In other words, under this deferential

standard of review, the Court may not set aside the ALJ's decision merely because it would have

come to a different conclusion.   <u>Cruz v. Comm'r of Soc. Sec.</u>, 244 F. App'x 475, 479 (3d Cir.

2007) (citing <u>Hartranft v. Apfel</u>, 181 F.3d 358, 360 (3d Cir. 1999)).

**B.      Determining Disability**

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show he is disabled

by demonstrating an inability to "engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than twelve months."

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   Taking into account the plaintiff's age, education,

and work experience, disability will be evaluated by the plaintiff's ability to engage in his previous

work or any other form of substantial gainful activity existing in the national economy.   42 U.S.C.

§§ 423(d)(2)(A), 1382c(a)(3)(B).   A person is disabled for these purposes only if his physical or

mental impairments are "of such severity that he is not only unable to do his previous work, but

cannot, considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence

adduced at a hearing."   <u>Sykes v. Apfel</u>, 228 F.3d 259, 262 (3d Cir. 2000) (citing <u>Heckler v.</u>

Campbell, 461 U.S. 458, 467 (1983)).  Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

### C.    Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute.  20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity.  Sykes, 228 F.3d at 262.  Second, if he is not, the ALJ determines whether the Plaintiff has an impairment that limits his ability to work.  Id.  Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").  If it is, this results in a presumption of disability.  Id.  If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of his impairment.  Id. at 263.  Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform his past relevant work.  Id.  Fifth, if his RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform.  Id.

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. Sykes, 228 F.3d at 263.  Neither party bears the burden at step three.  Id. at 263 n.2.

## IV.   DISCUSSION

### A.     Summary of the ALJ's Findings

At step one, the ALJ found Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity since the onset date of the alleged disability. (Tr. at 12).   At steps two and three, the ALJ found Plaintiff's impairments of "discogenic back disorder" and "sequelae of an old knee injury" were "severe" but not severe enough to meet, either individually or in combination, any of the impairments listed in 20 C.F.R. § 4014, Subpart P, Appendix 1.  (Id. at 12-13).

The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the exceptions that Plaintiff "should be able to alternate sitting/standing every half hour," and "the work should involve only local driving."  (Id. at 13).

To reach this conclusion, the ALJ considered all of Plaintiff's symptoms and their consistency with the evidence.  Specifically, the ALJ considered Plaintiff's work history and reported daily activities.  (Id. at 13-14).  The ALJ found Plaintiff's statements of intensity, persistence and limiting effects of his impairments were not entirely credible.  (Id. at 14).  The ALJ considered Plaintiff's knee injury in 2005 and that Plaintiff had not followed the recommended course of treatment.  (Id. at 14-16).  The ALJ also considered various doctors' reports regarding Plaintiff's knee and back pain.  (Id.)

At step four, the ALJ found Plaintiff capable of performing past relevant work as a sales representative as it is normally performed in the national economy.  (Id. at 16).

6

B.    **Analysis**

Plaintiff's primary argument is that the ALJ mischaracterized his past work experience. (Pl. Br. at 11). Plaintiff suggests that because he traveled often in his past work, the position must have required at least light exertion. (Pl. Br. at 10). Further, Plaintiff argues "the ALJ introduced 'transferable skills' into his questioning of the VE," which is a concept "available only at step five of the sequential evaluation."[2] (Pl. Br. at 11).

At step four, an ALJ must determine if a plaintiff has the capacity to perform past relevant work. See 20 C.F.R. § 416.920(e). To make this determination, "the ALJ often seeks advisory testimony from a vocational expert. In addition, the ALJ will generally consult the *Dictionary of Occupational Titles* (DOT), a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy . . . ." Burns v. Barnhart, 312 F.3d 113, 119 (3d Cir. 2002).

"An individual retains the capacity to perform her past relevant work when she can perform the functional demands and duties of the job as she actually performed it or as generally required by employers in the national economy." Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 765-66 (3d Cir. 2009). In this case, VE Jackie Wilson listened to Plaintiff's testimony and reviewed applicable portions of the record. (Tr. at 52). The VE classified Plaintiff's past work experience as "sales manager," DOT #163.167.018, which "falls within the sedentary exertional range." (Id. at 53). The VE testified that the position as actually performed by Plaintiff required light exertion

---

[2] In his Statement of Contention Pursuant to Rule 9.1, Plaintiff makes the following additional arguments: (1) the ALJ does not mention six medical exhibits covering the years of 2008 – 2013, (2) the ALJ improperly rejected Dr. Mendu's opinion, (3) "[t]he step three listing analysis compares no impairment with the element of any listing and combines no impairments for a discussion of medical equivalence," and (4) the RFC is not supported by substantial evidence. (ECF. No. 7). These arguments are not explained or even mentioned in Plaintiff's subsequent brief.

because he often traveled and lifted supplies. (Id.) The VE testified that an individual with Plaintiff's RFC would be able to perform his past position as a sales manager as the duties are actually described in the DOT. (Id. at 54).

At step four, the ALJ found Plaintiff was "capable of performing past relevant work as a sales *representative*." (Id. at 17) (emphasis added). The ALJ relied upon the VE who "testified that there were transferable skills to 'inside sales,' same job without sales calls," and found Plaintiff was "able to perform [the position] as it [was] normally performed." (Id.)

Plaintiff argues his past occupation should be characterized as a traveling salesman or a sales service promotor because he traveled extensively. (Pl. Br. at 10, 12). Under the substantial evidence standard of review, the issue is whether sufficient evidence reasonably supports the ALJ's analysis, not whether the evidence could support a different finding. See Logan v. Colvin, No. 14-4571, 2015 WL 5722391, at *7 (D.N.J. Sept. 29, 2015) (finding "[t]he role of the District Court in reviewing an ALJ's denial of disability benefits is not to reweigh the evidence presented, but instead to determine whether the ALJ made a decision supported by substantial evidence"). Thus, the Court will consider if substantial evidence supports the ALJ's finding.

The Court cannot discern, and the Defendant does not identify, evidence in the record which supports the ALJ's conclusion at step four. The VE testified Plaintiff's prior work was defined as a sales manager position, rather than as a sales representative position, as the ALJ appears to have concluded. (Tr. at 53). The DOT describes a sales manager position as sedentary work, as the VE testified. (Id.) On the other hand, there are over one hundred entries for "sales representative" in the DOT, and each relevant number defines the position as one of light exertion. See, e.g., U.S. Dep't of Labor, Dictionary of Occupational Titles, §§ 252.257-010, 273.357-014

(4th ed.1991).  Therefore, it is unclear what evidence the ALJ relied upon, and to what extent the VE's testimony was considered, in his decision at step four.

Moreover, the ALJ's analysis of transferable skills at step four precludes meaningful review.  See Hutchins v. Sullivan, 986 F.2d 1427 (10th Cir. 1993) ("The regulations make it abundantly clear that vocational factors such as age and transferable skills do not even come into play unless and until it is determined that the claimant cannot do past relevant work.") (citing 20 C.F.R. § 404.1560(b)).  The Court remands for the ALJ to develop the record as to Plaintiff's prior occupation and Plaintiff's ability to perform such work.

## V.    **CONCLUSION**

For the foregoing reasons, the Court will vacate the ALJ's decision and remand this case for further administrative proceedings consistent with this Opinion.   An appropriate order accompanies this Opinion.

DATED: October 17, 2016

_____

**CLAIRE C. CECCHI, U.S.D.J.**